UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
MATTHEW DENNIS and IVELISSE DENNIS,

                    Plaintiffs,      **REPORT AND RECOMMENDATION**

- v -

                                          CV-10-82 (SLT)(VVP)

BAYER PHARMACEUTICALS
CORPORATION, et al.,

                    Defendants.
----------------------------------------------------------x

      For the reasons below, I recommend that this action be dismissed with prejudice.

      The claims in this action arise from orthopedic injuries suffered by the plaintiff Matthew Dennis while playing basketball. In their original complaint, he and his wife, the co-plaintiff Ivelisse Dennis, allege that the antibiotics Cipro® and Avelox®, which are manufactured and distributed by the defendants and which Dennis had taken for a urinary tract infection, was a contributing cause of the injuries.[1] At the initial conference in this action held on March 8, 2010, the defendants asserted, and the plaintiffs did not dispute, that the labeling on the drugs taken by Matthew Dennis demonstrated that he had not taken Cipro, but rather a generic form of that drug which had been manufactured and distributed by another drug company entirely unrelated to the named defendants. The defendants further pointed out that, although some studies had linked other antibiotics to orthopedic injuries, no peer-reviewed or otherwise reliable studies had yet found any such link between either Cipro or Avelox and the plaintiffs' injuries. They

---

[1]The defendants inadvertently attached the wrong complaint to the notice of removal by which this action was removed from state court. The correct complaint was later filed as an attachment to the letter found at Docket Entry No. 9.

therefore suggested that the court follow the lead of Judge Naomi Buchwald of the Southern District of New York, before whom a similar claim had been made in a case involving different plaintiffs, and require the plaintiffs to make a preliminary good-faith showing that they had some evidence that would establish such a link before launching the parties on a complex and lengthy litigation. I accepted their suggestion, and directed that the plaintiffs be prepared to advise the court at the next conference, which was scheduled for sixty days later, of their good faith basis for asserting a link between the antibiotics taken by the plaintiff and orthopedic injuries of the sort he suffered.

At the next conference, the plaintiffs' counsel did not proffer the good faith basis the court had requested.[2] Rather, the plaintiffs' counsel asked the court for an adjournment to permit them to discuss with their clients how they wished to proceed. Their request was granted, and the matter was scheduled for a further conference on June 1.

At the June 1 conference, the plaintiffs' counsel advised the court that their clients had agreed to dismiss their claims against the defendants, and that a stipulation of dismissal would be filed shortly. For control purposes, a conference was scheduled to be held on June 25, with the proviso that it would be marked off the calendar if the anticipated stipulation was filed.

---

[2]The court is advised that the plaintiffs in the case before Judge Buchwald – who were also represented by the law firm that represents the plaintiffs here – have similarly been unable to make the showing she had requested in that case.

A stipulation of dismissal was not filed; rather, at the conference on June 25 the plaintiffs' counsel advised the court that they wished to seek leave to withdraw. I directed them to file a motion to that effect and to serve it on their clients. In addition, I entered an order scheduling a hearing on the motion for July 9, 2010 at 10:00 a.m. The order, which I directed counsel to serve on their clients, also contained the following direction and warning in upper-case, bold-faced type:

> **THE PLAINTIFFS MATTHEW DENNIS AND IVELISSE DENNIS ARE HEREBY DIRECTED TO APPEAR IN PERSON AT THE ABOVE SCHEDULED HEARING. FAILURE TO APPEAR AT THE HEARING WILL BE CONSIDERED AN ABANDONMENT OF THEIR CLAIMS IN THIS ACTION WHICH WILL LEAD TO A DISMISSAL OF THE ACTION.**

Counsel for the plaintiffs duly filed their motion, and filed a certificate of service evidencing service on their clients of the order containing the above language.

At the hearing today, neither of the plaintiffs appeared. Counsel for the plaintiffs advised the court that she had spoken to the plaintiff Ivelisse Dennis about the hearing. Ms. Dennis acknowledged receipt of notice of the hearing and of the plaintiffs' obligation to attend if they wished to avoid dismissal, but informed counsel that the plaintiffs would not be appearing. Ms. Dennis gave no indication that there was any conflict or impediment that rendered the plaintiffs unable to appear.[3]

The foregoing events establish that the plaintiffs are willingly abandoning their claims in this action. I therefore recommend that their claims be dismissed. In addition,

---

[3] As neither the plaintiffs nor the defendants lodged any objection to counsel's motion for leave to withdraw, the motion was granted.

in view of their inability to make any showing that they could establish a link between their injuries and products manufactured or distributed by the defendants, the dismissal should be with prejudice.

\*        \*        \*        \*        \*        \*

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 14 days of receipt of this report. Failure to file objections within the specified time waives the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see, e.g., Thomas v. Arn*, 474 U.S. 140, 155, 106 S.Ct. 466, 474, 88 L.Ed.2d 435 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298 (2d Cir.), *cert. denied*, 113 S. Ct. 825 (1992); *Small v. Secretary of Health and Human Serv.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

**The plaintiffs' former counsel, Andrew J. Carboy, Esq. and Wendell Tong, Esq. of Sullivan Papain Block McGrath & Cannavo, shall serve a copy of this Order and Report and Recommendation on their former clients forthwith, by regular mail and by certified mail, return-receipt requested, and file proof of such service in the record.**

    Respectfully Recommended,

    *Viktor V. Pohorelsky*
    VIKTOR V. POHORELSKY
    United States Magistrate Judge

Dated:   Brooklyn, New York
         July 9, 2010